UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

TAMARA CASTILLO, DANIENNE REED,
LOURDES TORRES, ADEOLA CHESTER, JULIE
LOPEZ, MARIE GREGOIRE and WILFRED FOWLER
on behalf of themselves and all similarly situated
individuals,

                        Plaintiffs,                COMPLAINT

           - against –

NEW YORK CITY HOUSING AUTHORITY,      PLAINTIFFS DEMAND

                                              TRIAL BY JURY

                        Defendant.

-----------------------------------------------------------------------X

## COMPLAINT

Plaintiffs TAMARA CASTILLO, DANIENNE REED, LOURDES TORRES, ADEOLA CHESTER, JULIE LOPEZ, MARIE GREGOIRE and WILFRED FOWLER through undersigned counsel, sues Defendant, NEW YORK CITY HOUSING AUTHORITY and alleges the following upon information and belief:

## NATURE OF THE ACTION

1. Tamara Castillo ("Ms. Castillo" or "Plaintiff") is deaf and communicates primarily through American Sign Language, (hereinafter referred to as "ASL"). As

"ASL" is a separate and distinct language from English, Plaintiff's ability to read and write in English is limited. This action is on behalf of Ms. Castillo for declaratory and injunctive relief and monetary damages to redress the injuries Ms. Castillo has suffered as a result of being discriminated against by Defendant on the basis of disability, record of disability and/or perceived disability under the Americans with Disabilities Act ("ADA"); Section 504 of the Rehabilitation Act, New York State Human Rights Law and the New York City Human Rights Law, to remedy injuries Plaintiff has suffered as a result of being discriminated against, and deprived of public services and public accommodations due to her disability. Ms. Castillo had multiple meetings with New York City Housing Authority ("NYCHA" or Defendant) representatives and/or had to fill out forms, for which she has requested interpreters and been denied. Ms. Castillo instead has had to use her two children for communication who are not qualified, during these meetings. Ms. Castillo has been unable to participate and make her needs known regarding her recertifications and issues with her apartment during these meetings due to the lack of an interpreter being present. The Complaint states causes of action under federal, state, and city law for deprivations of civil rights and states common law causes of action for tort.

2. Danienne Reed ("Ms. Reed" or "Plaintiff") is deaf and communicates through American Sign Language. (hereinafter referred to as "ASL"). As "ASL" is a separate and distinct language from English, Plaintiff's ability to read and write in English is

limited. This action is on behalf of Ms. Reed for declaratory and injunctive relief and monetary damages to redress the injuries Ms. Reed has suffered as a result of being discriminated against by Defendant on the basis of disability, record of disability and/or perceived disability under the Americans with Disabilities Act ("ADA"); Section 504 of the Rehabilitation Act, New York State Human Rights Law and the New York City Human Rights Law, to remedy injuries Plaintiff has suffered as a result of being discriminated against, and deprived of public services and public accommodations due to her disability. Ms. Reed has had multiple meetings with NYCHA representatives and/or had to fill out forms, for which she requested for an interpreter to be present and been denied. Ms. Reed only believes she was provided with an interpreter one time in October 2019. Ms. Reed has been unable to participate and make her needs known regarding her recertifications and issues with her apartment due to the lack of having an interpreter present during meetings with NYCHA. The complaint states causes of action under federal, state, and city law for deprivations of civil rights and states common law causes of action for tort.

3. Lourdes Torres ("Ms. Torres" or "Plaintiff") is deaf and communicates through American Sign Language (hereinafter referred to as "ASL"). As "ASL" is a separate and distinct language from English, Plaintiff's ability to read and write in English is limited. This action is on behalf of Ms. Torres for declaratory and

injunctive relief and monetary damages to redress the injuries Ms. Torres has suffered as a result of being discriminated against by Defendant on the basis of disability, record of disability and/or perceived disability under the Americans with Disabilities Act ("ADA"); Section 504 of the Rehabilitation Act, New York State Human Rights Law and the New York City Human Rights Law, to remedy injuries Plaintiff has suffered as a result of being discriminated against, and deprived of public services and public accommodations due to her disability. Ms. Torres has had multiple meetings with NYCHA representatives and/or had to fill out forms, for which she has repeatedly requested interpreters and been denied. Ms. Torres has been unable to make her needs known during these meetings due to the lack of an interpreter. The complaint states causes of action under federal, state, and city law for deprivations of civil rights and states common law causes of action for tort.

4. Wilfred Fowler ("Mr. Fowler" or "Plaintiff") is deaf and communicates through American Sign Language (hereinafter referred to as "ASL"). As "ASL" is a separate and distinct language from English, Plaintiff's ability to read and write in English is limited. This action is on behalf of Mr. Fowler for declaratory and injunctive relief and monetary damages to redress the injuries Mr. Fowler has suffered as a result of being discriminated against by Defendant on the basis of disability, record of disability and/or perceived disability under the Americans with Disabilities Act ("ADA"); Section 504 of the Rehabilitation Act, New York State

Human Rights Law and the New York City Human Rights Law, to remedy injuries Plaintiff has suffered as a result of being discriminated against, and deprived of public services and public accommodations due to his disability. Mr. Fowler had multiple meetings with NYCHA representatives in which he was only provided with an interpreter one time. Mr. Fowler has been unable to have his needs met due to the lack of an interpreter at all other meetings. The complaint states cause of action under federal, state, and city law for deprivations of civil rights and states common law causes of action for tort.

5. Adeola Chester ("Ms. Chester" or "Plaintiff") is deaf and communicates through American Sign Language. (hereinafter referred to as "ASL"). As "ASL" is a separate and distinct language from English, Plaintiff's ability to read and write in English is limited. This action is on behalf of Ms. Chester for declaratory and injunctive relief and monetary damages to redress the injuries Ms. Chester has suffered as a result of being discriminated against by Defendant on the basis of disability, record of disability and/or perceived disability under the Americans with Disabilities Act ("ADA"); Section 504 of the Rehabilitation Act, New York State Human Rights Law and the New York City Human Rights Law, to remedy injuries Plaintiff has suffered as a result of being discriminated against, and deprived of public services and public accommodations due to her disability. Ms. Chester has had multiple meetings with NYCHA representatives and/or had to fill out forms, for

which she has repeatedly requested interpreters and been denied. Ms. Chester has been unable to make her needs known during these meetings due to the lack of an interpreter. The complaint states causes of action under federal, state, and city law for deprivations of civil rights and states common law causes of action for tort.

6. Julie Lopez ("Ms. Lopez" or "Plaintiff") is deaf and communicates through American Sign Language. (hereinafter referred to as "ASL"). As "ASL" is a separate and distinct language from English, Plaintiff's ability to read and write in English is limited. This action is on behalf of Ms. Lopez for declaratory and injunctive relief and monetary damages to redress the injuries Ms. Lopez has suffered as a result of being discriminated against by Defendant on the basis of disability, record of disability and/or perceived disability under the Americans with Disabilities Act ("ADA"); Section 504 of the Rehabilitation Act, New York State Human Rights Law and the New York City Human Rights Law, to remedy injuries Plaintiff has suffered as a result of being discriminated against, and deprived of public services and public accommodations due to her disability. Ms. Lopez has had multiple meetings with NYCHA representatives and/or had to fill out forms, for which she has repeatedly requested interpreters and been denied. Ms. Lopez has been unable to make her needs known during these meetings due to the lack of an interpreter. The complaint states causes of action under federal, state, and city law for deprivations of civil rights and states common law causes of action for tort.

7. Marie Gregoire ("Ms. Gregoire" or "Plaintiff") is deaf and communicates through American Sign Language. (hereinafter referred to as "ASL"). As "ASL" is a separate and distinct language from English, Plaintiff's ability to read and write in English is limited. This action is on behalf of Ms. Gregoire for declaratory and injunctive relief and monetary damages to redress the injuries Ms. Gregoire has suffered as a result of being discriminated against by Defendant(s) on the basis of disability, record of disability and/or perceived disability under the Americans with Disabilities Act ("ADA"); Section 504 of the Rehabilitation Act, New York State Human Rights Law and the New York City Human Rights Law, to remedy injuries Plaintiff has suffered as a result of being discriminated against, and deprived of public services and public accommodations due to her disability. Ms. Gregoire has had multiple meetings with NYCHA representatives and/or had to fill out forms, for which she has repeatedly requested interpreters and been denied. Ms. Gregoire has been unable to make her needs known during these meetings due to the lack of an interpreter. The complaint states causes of action under federal, state, and city law for deprivations of civil rights and states common law causes of action for tort.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this action arises under federal law, including the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq*. and Section 504 of the

Rehabilitation Act pursuant to 29 U.S.C. §794 *et seq*. Plaintiffs also bring this action pursuant to 42 U.S.C. § 1983 for violations of Title II of the ADA to redress the deprivation of rights, privileges, and immunities of which Plaintiffs have been deprived.

9.  Plaintiffs invoke the pendant jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966) and 28 U.S.C. § 1367(a) for state law claims of the New York State Human Rights Law and New York City Human Rights Law.

10. The Plaintiffs, TAMARA CASTILLO, DANIENNE REED, LOURDES TORRES, ADEOLA CHESTER, JULIE LOPEZ, MARIE GREGOIRE and WILFRED FOWLER bring this action under 42 U.S.C. Sections 1983 and related state and federal laws seeking compensatory damages, injunctive relief, and attorney's fees from the Defendant NEW YORK CITY HOUSING AUTHORITY in violation of their rights afforded by the United States and New York Constitution and under the laws of The State of New York and the City of New York

11. The venue of this action is properly placed in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because the events having operative significance in this case which give rise to the claims herein occurred within this District.

12. This Court has *in personam* jurisdiction over Defendant because it is located in, conducts operations within, transacts business in and provides services within the City of New York.

## PARTIES

13. Plaintiff Tamara Castillo is a resident of the State of New York whose address is 620 East 137th Street, Apt. 8F, Bronx, New York 10454.

14. Plaintiff Danienne Reed is a resident of the State of New York and resides at 3028 West 29th Street, Apt. 4B, Brooklyn, New York 11224.

15. Plaintiff Lourdes Torres is a resident of the State of New York and resides at 3758 Tenth Avenue, Apt. 11J, New York, New York 10034.

16. Plaintiff Adeola Chester is a resident of the State of New York and resides at 41 10th Street, Apt. 4A, Long Island City, New York 11101.

17. Plaintiff Julie Lopez is a resident of the State of New York and resides at 2055 Rockaway Parkway, Apt. 4F, Brooklyn, New York 11236.

18. Plaintiff Marie Gregoire is a resident of the State of New York and resides at 1980 Park Avenue, Apt. 4A, New York, New York 10037.

19. Plaintiff Wilfred Fowler is a resident of the State of New York and resides at 1806 1st Avenue, Apt. 11J, New York, New York 10128.

20. At all times material herein, defendant NEW YORK CITY HOUSING AUTHORITY ("NYCHA"), was and still is a public development corporation whose seat of governance was and still is located at 250 Broadway, New York, New York.

## MATERIAL FACTS- TAMARA CASTILLO

21. At all times material herein, Plaintiff was deaf and her primary language was and remains American Sign Language.

22. Upon information and belief, Tamara Castillo has lived in an apartment under NYCHA since October 19, 2015. During this time, Ms, Castillo has had multiple meetings with NYCHA representatives regarding recertifications and problems with the apartment. Several times in 2019, she went with her daughter to the office and requested an interpreter, and none was provided. The staff was rude when the requests were made for an interpreter, thus Plaintiff's daughter has refused since then to go to the office to try to help her mother get an interpreter. Plaintiff has also had to fill out forms in English which she did not understand. Therefore Plaintiff has requested an interpreter repeatedly, but has always been denied. Instead, Ms. Castillo has been forced to use her children to interpret. The last meeting scheduled was in January 2020. Ms. Castillo asked for an interpreter and was told that the meeting would be rescheduled and that an interpreter would be provided. She asked again for a meeting in February and March of 2020 and no meeting was scheduled. Finally, in May a man showed up at her door and she told him she needed an interpreter. The man gestured that none would be provided and Plaintiff was then forced to try to use her daughter who is not fluent in sign language to try to help her communicate. Communication was extremely limited. In January of 2021, Plaintiff once again asked for a meeting with an interpreter through her videophone and was told by the

NYCHA employee that they have asked but could not get one as it was up to the administration. To date the meeting has not been rescheduled.

23. During each of these encounters with Defendant, Plaintiff was unable to understand what was being said or address the problems she was having with her apartment. Without the aid of a qualified interpreter, Plaintiff was unable to effectively communicate fully with the representatives during each of her interactions with them.

## **MATERIAL FACTS-DANIENNE REED**

24. At all times herein, Plaintiff was deaf and her primary language was and remains American Sign Language.

25. Upon information and belief, Plaintiff has lived in an apartment for several years under NYCHA. During this time Plaintiff has had several meetings for recertifications and for problems with the unit. Plaintiff has also had to fill out multiple forms in English which she was unable to understand. Therefore, Plaintiff has made multiple requests for a qualified interpreter from NYCHA. These requests have been denied every time. The more recent meetings include, but are not limited to, a meeting on November 21, 2019 for recertification and a meeting which was to occur in January 2020 regarding repairs. Plaintiff lives with her eight-year-old daughter who has multiple medical problems that have been affected by the condition of the apartment prompting Plaintiff to make complaints and requests to

NYCHA. Plaintiff has been unable to understand the details of the recertification process and unable to communicate fully the problems she has with her apartment due to the lack of a qualified interpreter during her interactions with NYCHA.

## **MATERIAL FACTS- LOURDES TORRES**

26. At all times herein, Plaintiff was deaf and her primary language was and remains American Sign Language.

27. Upon information and belief, Plaintiff has lived in an apartment under NYCHA since 2014. During this time Plaintiff has had multiple meetings regarding recertifications and problems with her apartment. She has also had to fill out multiple forms in English which she was unable to understand fully. Therefore, Plaintiff has requested a sign language interpreter to ensure effective communication with NYCHA.  These requests were denied every time.

28. Plaintiff has multiple problems with her unit that make it uninhabitable. The ceiling fell in 2016 during which she was injured. She has mold throughout her kitchen and bath.

29. On November 13, 2018, Plaintiff had an appointment for her Urgent Annual Recertification. Plaintiff asked her housing assistant who the interpreter was for the meeting and the identity of the interpreter's employer. The staff member wrote down on paper that she did not know. The interpreter did not show up for the meeting. Sorenson videophone was used in place of an interpreter during this meeting which

led to difficulty understanding the meeting as the interpreter through the videophone is unable to see both parties.

30. On August 20, 2018, an appointment was made for Ms. Torres with NYCHA for her Urgent Annual Recertification and Leases and a request was made for an interpreter to be present at the meeting. The appointment was made for the following day. Plaintiff showed up for her appointment, however an interpreter was not present.

31. On January 8, 2019, Plaintiff had an appointment with NYCHA. Despite prior requests, an interpreter was not present.

32. Plaintiff was and is unable to communicate during her interactions with NYCHA regarding these problems fully, due to the lack of an interpreter and continues to live with them.

## **MATERIAL FACTS- WILFRED FOWLER**

33. At all times herein, Plaintiff was deaf and his primary language was and remains American Sign Language.

34. Upon information and belief, Plaintiff has lived in apartment under NYCHA for four and a half years since 2016. During this time Plaintiff has had multiple meetings regarding his recertifications and problems with mold in his apartment. He has been told to go online during certain times, but Plaintiff is not familiar with what

going "online" means. Plaintiff has requested an interpreter to be present during his meetings but has been denied this request at all times, except once.

35. Plaintiff had a representative come to his apartment regarding a mold issue. He requested ahead of time for the representative to text him prior to arrival as he cannot hear a knock at his door due to his being deaf. The representative failed to text Plaintiff prior to arrival, knocked and left as Plaintiff did not hear the knock on the door due to being deaf. Plaintiff was unable to have his mold issue resolved due to the failure to have the representative text him before arrival.

## MATERIAL FACTS- ADEOLA CHESTER

36. At all times herein, Plaintiff was deaf and her primary language was and remains American Sign Language.

37. Upon information and belief, Plaintiff has lived in an apartment under NYCHA since 2012. During this time Plaintiff has had yearly meetings in order to complete her recertifications. Plaintiff has been told that she can do the recertifications online and does not need to do them in person.

38. Plaintiff needs to do her recertifications in person with a sign language interpreter as she is deaf and English is not her first language. Plaintiff is unable to understand the instructions for recertifications online as she does not read English well.

39. Plaintiff needs an interpreter to explain the directions for recertifications to her as well as explaining to her the multiple documents that must be provided by her in the process. Every year, Plaintiff must recertify and has not been provided an interpreter to assist her in this process.

40.In the nine years since Plaintiff has been living under NYCHA, she has only been provided an interpreter two times, once in 2012 and once in 2018.

## MATERIAL FACTS- JULIE LOPEZ

41. At all times herein Plaintiff was deaf and her primary language was and remains American Sign Language.

42. Upon information and belief, Plaintiff has lived in an apartment under NYCHA since 2017. During Plaintiff's initial meeting there was not an interpreter present to explain the forms she was signing or the rules and policies that were being presented to her.

43. Every year Plaintiff needs to do a recertification to stay where she is living. Despite requests for an interpreter to be provided during this process, none has been provided.

44. Plaintiff requires an interpreter to be present during recertification meetings as she is unable to understand the information being presented as English is not her first language so she is unable to comprehend the forms she is attempting to read and understand.

## **MATERIAL FACTS- MARIE GREGOIRE**

45.At all times herein Plaintiff was deaf and her primary language was and remains American Sign Language.

46. Upon information and belief, Plaintiff has lived in an apartment under NYCHA since 2010. During this time, Plaintiff has had to do yearly recertifications during which she requires an interpreter. Despite numerous requests, Plaintiff has only been provided with an interpreter in 2015 and 2016. Since then, an interpreter has not been provided.

47. Plaintiff also requires an interpreter when a representative from NYCHA comes to her apartment to report a repair. She is unable to explain what the problem is to remedy the situation and often has to try to use to her minor son to communicate.

48. Plaintiff requires additional accommodations to her apartment to ensure effective communication. Plaintiff requires a visual doorbell to know when someone arrives at her apartment. Plaintiff often misses individuals who are making deliveries, or repairs since she cannot hear her doorbell.

## **COUNT 1**
## **DISCRIMINATION UNDER THE**
## **AMERICANS WITH DISABILITIES ACT AND THE**
## **REHABILITATION ACT**

49. Plaintiffs repeat and re-allege paragraph 1-48 fully as if said paragraphs were fully set forth herein at length.

50. Defendant NEW YORK CITY HOUSING AUTHORITY and its agents, servants, officers, and/or employees acted under color of statute, ordinance, regulation, custom or usage of a State.

51. Title II of the ADA "applies to all services, programs, and activities provided by or made available by public entities." *See* 28 C.F.R. §35.130(b)(7).

52. Section 12132 of the ADA specifically states:

> No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

53. Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a) specifically states:

> No otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

54. The anti-discrimination provisions of Title II of the ADA and Section 504 of the Rehabilitation Act are enforceable through implied private rights of action.

55. Plaintiffs are "qualified individuals" inasmuch as they are individuals who have a disability, deafness, and "who with or without reasonable modifications to rules, policies or practices, the removal of…communication…barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements

for the receipt of services or the participation in programs or activities provided by a public entity." 42. U.S.C. Section 12131(2).

56. Defendant NEW YORK CITY HOUSING AUTHORITY is a covered entity inasmuch as it is a public entity.

57. Plaintiffs were entitled to the same housing services that Defendant NEW YORK CITY HOUSING AUTHORITY provides to other non-disabled persons.

58. No interpreter or auxiliary communication device was provided to Plaintiffs by Defendant NEW YORK CITY HOUSING AUTHORITY despite defendant's obligations under federal, state, and local law.

59. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiffs suffered adverse consequences. Plaintiffs suffered physical injury, severe extreme humiliation, emotional pain, and trauma, to their detriment.

## COUNT II
## DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW

60.Plaintiffs repeat and reallege Paragraphs 1-59 as if said paragraphs were fully set forth herein at length.

61.All Defendant's acts, practices, and policies described herein constitute discrimination against Plaintiffs on the basis of their disability in violation of New York State Executive Law §296 et seq.

62. All Defendant's acts, practices, and policies described herein constitute discrimination against Plaintiffs on the basis of their record of disability, in violation of New York State Executive Law §296 et seq.

63. All Defendants' acts, practices and policies described herein constitute discrimination against Plaintiffs on the basis of their perceived record of disability, in violation of New York State Executive Law §296 et seq.

## COUNT III
## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

64. Plaintiffs repeat and reallege Paragraphs 1-63 as if said paragraphs were fully set forth herein at length.

65. All Defendant's acts, practices, and policies herein constitute discrimination against Plaintiffs on the basis of their disability, in violation of the New York City Administrative Code §8-107 et seq.

66. All Defendant's acts, practices, and policies herein constitute discrimination against Plaintiffs on the basis of their record of disability, in violation of the New York City Administrative Code §8-107 et seq.

67. All Defendant's acts, practices, and policies herein constitute discrimination against Plaintiffs on the basis of their perceived record of disability, in violation of the New York City Administrative Code §8-107 et seq.

## COUNT IV
## INJUNCTION

68. Plaintiffs repeat and reallege Paragraphs 1-67 as if said paragraphs were fully set forth herein at length.

69. Money damages are insufficient to fully address the claims set forth herein, and irreparable injury will result unless Plaintiffs are granted a permanent injunction requiring New York City Housing Authority representatives to provide effective communication through the use of interpreter services, whether through on-site interpreters or auxiliary communication devices for all interactions.

70. Plaintiffs are likely to utilize one or more of such services while living under NYCHA housing.

71. Plaintiffs are and will in the foreseeable future remain persons of limited English proficiency who communicate effectively solely through American Sign Language.

WHEREFORE, Plaintiffs demand judgment as follows:

i.      On the First Cause of Action, a judgment against Defendant and an award of compensatory damages for emotional distress, punitive and/or exemplary damages, attorneys' fees and costs, pre-judgment and post-judgment interest, in an amount to be determined at trial, and further relief as this Honorable Court deems just, equitable and proper;

ii.     On the Second Cause of Action, a judgment against Defendant and an award of compensatory damages for emotional distress, punitive and/or

exemplary damages, attorneys' fees and costs, pre-judgment and post-judgment interest, in an amount to be determined at trial, and further relief as this Honorable Court deems just, equitable and proper;

iii. On the Third Cause of Action a judgment against Defendant and an award of compensatory damages for emotional distress, punitive and/or exemplary damages, attorneys' fees and costs, pre-judgment and post-judgment interest, in an amount to be determined at trial, and further relief as this Honorable Court deems just, equitable and proper;

iv. On the Fourth Cause of Action a judgment against Defendants and an award of compensatory damages for emotional distress, punitive and/or exemplary damages, attorneys' fees and costs, pre-judgment and post-judgment interest, in an amount to be determined at trial, and further relief as this Honorable Court deems just, equitable and proper;

v. On the Fifth Cause of Action a judgment against Defendants and a permanent injunction requiring the New York City Housing Authority to have proper training, policies, and procedures in place and to provide reasonable accommodations such as American Sign Language Interpreters or Auxiliary Communication Devices to all deaf or hearing-impaired persons in meetings and all interactions with representatives as to the New

York City Housing Authority  and further relief as this Honorable Court deems just, equitable and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Dated:     November 2, 2021
           New York, New York

Respectfully submitted,

CLARA R. SMIT, ESQ.                          BRUCE GITLIN, ESQ.

By:  /s/ Clara R. Smit                       By: /s/ Bruce Gitlin
Clara R. Smit, Esq.                              Bruce Gitlin
100 Horizon Center Blvd                       Gitlin, Horn & Van de Kieft
Hamilton, NJ 08691                           Suite 411
                                             2095 Broadway
 (732) 843-6600                              New York, NY 10023

                                             (212) 514-5437